| Applicant seeks review of the trial court’s November 30, 2007 denial of his motion to correct illegal sentence. The motion is premised on his probation revocation and the trial court’s order that his original one-year hard labor sentence be executed.
Among other conditions of his active supervised probation, applicant was required to refrain from criminal conduct and to submit to periodic drug screening. The supplemented record reveals that applicant’s probation was revoked because he tested positive for Schedule I controlled dangerous substances (ie., marijuana) on four occasions during the term of his probation. The trial court admonished applicant at least twice in open court for his positive drug tests, and warned him that his probation could be revoked for future positive drug test results. The supplemented record also reveals that applicant failed to report to his probation officer for three consecutive months in 2007.
Applicant contends that his probation was revoked for a first technical violation and thus La. C. Cr. P. art. 900(A)(6) mandates no more than a 90-day sentence. At the time applicant pled guilty and was originally sentenced, La. C. Cr. P. art. 900 did not provide any limits on the incarceration period for technical violations of probation. In 2006, the | ^Louisiana legislature provided ameliorative changes to Article 900 that limited the incarceration period for a “first technical violation” to 90 days. A “technical violation” was defined as any violation of a probation condition other than being arrested, charged, or convicted of another crime, possession of a firearm, failure to appear at any court hearing, or absconding from the ju *750 risdiction of the court. The Louisiana legislature further amended Article 900’s definition of “technical violations” in 2007, but those changes are not relevant to this case.
Although applicant tested positive for marijuana on numerous times, he was never “arrested, charged, or convicted” of any crime relating to the same. Thus, applicant’s positive drug test results and failures to report to his probation officer were “technical violations” of the conditions of his probation for purposes of Article 900. Nonetheless, the applicant’s probation was revoked for at least seven technical violations. Article 900(A) does not provide any limitation on the incarceration period for second or subsequent technical violations. The statute also contains no requirement that prior probation revocation proceedings be instituted before considering the most recent violation a second or subsequent technical violation (thus precluding application of the 90-day incarceration limit). Based on these facts, we do not find any illegality under La. C. Cr. P. art. 900.
Also, because the evidence sufficiently established that applicant committed a felony under the laws of this state, at least for purposes of probation revocation, it was within the trial court’s discretion to revoke his probation under La. C. Cr. P. art. 901 (revocation for commission of another offense) in any event. See, State v. Harris, 368 So.2d 1066 (La.1979); State v. Michael, 39,439 (La.App.2d Cir.1/7/05), 891 So.2d 109, writ denied, 2005-0354 (La.6/17/05), 904 So.2d 681.
Consequently, the writ is denied.